UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

PRESLEY WELLS, an individual,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

        Defendant.
_____/

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PRESLEY WELLS, by and through his undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD, a Liberian Corporation, alleges and states as follows:

## **THE PARTIES**

1. Plaintiff, PRESLEY WELLS, is a resident of the State of Georgia.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD., is a corporation, organized and existing under and by virtue of the laws of Liberia. At all material times, Defendant, ROYAL CARIBBEAN, conducted business in Miami-Dade County, Florida, and maintained corporate headquarters at 1050 Caribbean Way, Miami, Florida 33132.

3. At all times material hereto, Defendant, ROYAL CARIBBEAN, owned, operated, managed, designed and maintained the cruise ship Mariner Of The Seas, which was scheduled to set sail, and did set sail on October 11, 2019, from Port Canaveral in Orlando, Florida.

4. At all times material hereto, Plaintiff, PRESLEY WELLS, was a fare paying passenger on the cruise ship Mariner Of The Seas for a voyage that departed from Orlando, Florida, on October 11, 2019.

5. At all times material hereto, Plaintiff, PRESLEY WELLS, was a business invitee of Defendant, ROYAL CARIBBEAN, pursuant to the contractual common carrier relationship.

6. Plaintiff, PRESLEY WELLS, by and through the undersigned, has provided Defendant, ROYAL CARIBBEAN, with formal written notice of his claim within six (6) months of the injury event in accordance with the terms and conditions of ROYAL CARIBBEANS's passenger ticket contract, and has otherwise satisfied all conditions precedent to the filing of this action.

## JURISDICTION

7. Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein.

8. Defendant is subject to the Jurisdiction of this Court pursuant to 28 USC Section 1333, there is complete diversity of citizenship between the Plaintiff and Defendant, and by virtue of the terms and conditions of Defendant, ROYAL CARIBBEAN's passenger contract, Defendant has made itself subject to the jurisdiction of this Court.

9. This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I: NEGLIGENCE AGAINST ROYAL CARIBBEAN

10. Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

11. On or about October 11, 2019, Plaintiff, PRESLEY WELLS, was scheduled to embark on a cruise on the Mariner Of The Seas as a fare-paying passenger.

12. On or about October 12, 2019, the captain, officers, medical staff, and crew of the Mariner Of The Seas were employees and apparent agents of ROYAL CARIBBEAN.

13. On or about October 12, 2019, PRESLEY WELLS was a participant in a laser tag event organized, constructed and supervised by ROYAL CARIBBEAN.

14. At that time and place, an ice-skating rink located aboard the Mariner Of The Seas served as the location for said event by virtue of placing unsecured wooden boards over the slippery ice.

15. At that time and place, while participating in the laser tag event, PRESELEY WELLS slipped and fell as a result of the wooden boards being unsecure, wet and slippery.

16. Plaintiff sustained serious and debilitating injuries to his right ring finger as a result of his slip and fall, which may have been aggravated by negligent medical care he received from Defendant, ROYAL CARIBBEAN, in the hours and days following his fall.

17. On October 12, 2019, Defendant, ROYAL CARIBBEAN including its agents, employees, officers and crew owed Plaintiff a duty of reasonable care under the circumstances.

18. On October 12, 2019, ROYAL CARIBBEAN through its agents, employees, officers and crew breached its duties of care and was negligent in one or more of the following:

    a. Creating a dangerous condition(s) upon its vessel. To wit; a makeshift laser tag field created by placing unsecured wooden boards over slippery ice;

    b. Allowing a dangerous condition(s) to exist upon its vessel. To wit; a makeshift laser tag field created by placing unsecured wooden boards over slippery ice;

    c. Failing to warn passengers, including the Plaintiff, of the hidden or latent dangerous condition(s). To wit; a makeshift laser tag field created by placing unsecured wooden boards over slippery ice;

    d. Failing to avoid, eliminate and correct the dangerous condition(s) on its vessel. To wit; a makeshift laser tag field created by placing unsecured wooden boards over slippery ice;

    e. Failing to provide an adequate crew to maintain the laser tag field wherein Plaintiff was walking and/or running at the time of his fall;

    f. Providing negligent emergency assistance which may have aggravated the Plaintiff's injuries; and

    g. Providing negligent medical care which may have aggravated the Plaintiff's injuries.

    h. Other acts of negligence yet to be discovered.

19. The negligent condition(s) created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

20. Defendant created and/or approved the dangerous condition(s).

21. Alternatively, the dangerous condition(s) existed for such a length of time that Defendant knew or should have discovered them through the exercise of reasonable care under the circumstances.

22. As a direct and proximate result of the negligence of ROYAL CARIBBEAN, Plaintiff, PRESLEY WELLS, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment.

WHEREFORE, Plaintiff, PRESLEY WELLS, demands damages against Defendant, ROYAL CARIBBEAN, in excess of the Jurisdictional limits of this Court and for any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by Jury on all issues so triable.

Dated this 30th day of September, 2020.

                                            Respectfully Submitted,

                                            ROUSSO BOUMEL LAW FIRM
                                            Counsel for Plaintiff
                                            9350 South Dixie Highway, Suite 1520
                                            Miami, Fl. 33156
                                            Telf: (305) 670-6669
                                            Darren@roussolawfirm.com

By:    ***/s Darren J. Rousso***
                                            Darren J. Rousso, Esq.
                                            Florida Bar #0097410